**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK WILSON | : | |
| 2920 W. Wishart Street | : | |
| Philadelphia, PA 19132 | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | **JURY TRIAL DEMANDED** |
| 1401 John F. Kennedy Boulevard, 15th Floor: | | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| TRACEY GORDON, *individually* | : | |
| 180 City Hall | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Mark Wilson (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**I.      Introduction**

1.      Plaintiff has initiated this action to redress violations by Defendants of his constitutional rights (by and through 42 U.S.C. § 1983). Plaintiff asserts that he was a victim of First Amendment wrongful and retaliatory termination from employment. Plaintiff seeks all damages as more fully set forth in this Complaint *infra*.

**II.      Jurisdiction and Venue**

2.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law(s) and/or constitutional rights. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.     Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult who resides at the above-captioned address.

7.      The City of Philadelphia ("Defendant City," where referred to individually) is an independent municipality and/or political subdivision serving as the most populous City in the Commonwealth of Pennsylvania.

8.       Tracey Gordon ("Defendant Gordon," where referred to individually) is an elected public official who assumed office on January 6, 2020. Her current term expires on January 1, 2024. Defendant Gordon serves as the Register of Wills in Philadelphia.

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.    Factual Background

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff was hired by Defendant City in or about February of 2020; and in total, Plaintiff was employed with Defendant City for approximately 2.5 years (until July of 2022).

12.    Plaintiff held the position of Clerk (a non-supervisory role) within Defendant City's Register of Wills (and more specifically, he worked within Defendants' Archives Department). This agency within Defendant City operates to protect wishes of decedents and to ensure protections for heirs, legatees, and creditors (by processing and, to some extent, administering aspects of Wills and related documentation).

13.    Tracey Gordon ("Defendant Gordon") was elected, serves as a public official, and assumed office on January 6, 2020. Her current term expires on January 1, 2024. She serves as the highest executive in charge of the aforesaid operations and is the Register of Wills in Philadelphia.

14.    On or about Thursday, July 7, 2022, Plaintiff received a telephone call from Charmaine A. Collins (Deputy Director of Human Resources). Plaintiff was advised by Collins to come to City Hall on or about Friday, July 8, 2022. During the meeting on or about July 8th, Plaintiff was informed he was being terminated because Defendants were "going in a new direction."

15.    Plaintiff was very hard working, performed his job in a stellar manner, had no progressive warnings or discipline, and was well liked by his peers. Plaintiff took his job very seriously and had been praised for his commitment and work ethic throughout his tenure.

16.     Plaintiff's role was necessary and needed, and there was no reasonable or legitimate business justification for terminating Plaintiff. Plaintiff was instead terminated for unlawful and/or unconstitutional reasons (as explained below).

17.     During Plaintiff's last approximate 1 – 1.5 years of employment, he was heavily pressured to contribute and to donate money to Gordon's campaign. Gordon was seeking 100% participation from anyone and everyone in the Register of Wills.

18.     Plaintiff had formed the opinion that Gordon was: (a) unscrupulous; (b) unfair in her management; and (c) discriminatory in many ways. Plaintiff did not want to be affiliated with, associate with, or contribute to Gordon's campaign after seeing and experiencing her oversight. Indeed, this was his constitutional right (discussed *infra*).

19.     Gordon demanded certain financial contributions and separately the purchase of tickets to her events. Plaintiff was threatened with termination by Gordon and was informed by his supervisory hierarchy Gordon would terminate him if he didn't contribute and/or buy tickets as directed.

20.     Plaintiff refused to donate anything (even a penny) to Gordon's campaign, did not make any monetary contributions when directed to do so, and he also refused to purchase tickets for her events. Plaintiff refused throughout the year *and in very close temporal proximity* to Defendants terminating his employment, notwithstanding unrelenting pressure.

21.     In addition to the foregoing, the very supervisor who oversaw Plaintiff confirms in a sworn declaration that he is 100% convinced Plaintiff was terminated for not making campaign donations (with supporting examples for such opinion). *See* Sworn Declaration of Thomas Campion, attached hereto as "Exhibit A," incorporated in this lawsuit by reference.

22.     A refusal to donate to a political campaign is an unequivocal, undeniable and absolute protected activity under the First Amendment of the United States Constitution. And any adverse action taken against an employee for refusing to make such donations constitutes unlawful First Amendment Retaliation, a claim universally recognized nationwide.[1]

23.     Defendant Tracey did not casually ask for support in her campaign on a voluntary basis. Instead, she demanded and pressured every employee under her supervision to participate in making contributions to her campaign (numerous times throughout their tenure and on an ongoing basis). She exerted a constant barrage of pressure upon all employees through supervisors and high-level management.

24.     Plaintiff was terminated solely for vocally opposing mandatory contributions to Tracey's campaign, a protected activity under the United States Constitution.

**First Cause of Action**
**Violations of 42 U.S.C. § 1983 – First Amendment Retaliation**
**(Retaliation in violation of the U.S. Constitution)**
**- Against both Defendants -**

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     Plaintiff Gordon is individually liable because: (a) she terminated Plaintiff; and (b) for engaging in First Amendment protected conduct as outlined in this lawsuit.

---

[1] *See e.g. USA Entm't Grp., Inc. v. Israel*, 2017 U.S. Dist. LEXIS 168462, *11, (S.D. Fla. 2017)(an employee's refusal to donate to a campaign is a protected activity under the First Amendment); *Aiellos v. Zisa*, 2009 U.S. Dist. LEXIS 97542, at *4 (D.N.J. 2009)(finding plaintiffs sufficiently pled a First Amendment retaliation claim based on police officers' refusal to donate to the political campaigns of fellow officers); *Luman v. Diaz*, 2022 U.S. Dist. LEXIS 158193, *71 (S.D. Tex. 2022)(denying motion to dismiss case and explaining refusal to donate can constitute protected activity for a First Amendment Retaliation Claim); *Lockwood v. Town of Hempstead*, 2017 U.S. Dist. LEXIS 27339, *20 (E.D.N.Y. 2017)(explaining it is beyond dispute that refusal to contribute to a campaign is protected activity under the First Amendment, but dismissing case on alternative grounds); *Cobbs v. Sheahan*, 319 F. Supp. 2d 865, 871 (N.D. Ill. 2004)(refusal to donate to a campaign is First Amendment protected activity); *Shaw v. Wall*, 2014 U.S. Dist. LEXIS 138213, *35, (W.D. Wis 2014)("Political expenditures are without doubt protected by the First Amendment."); *George v. City of Buffalo*, 2017 U.S. Dist. LEXIS 13104, *5 (W.D.N.Y. 2017)(It will be First Amendment protected activity to refuse political support or contributions where pressured).

27.   Defendant City is liable for all actions as outlined in this lawsuit because:

(a) It failed to properly train employees, management, and officials working for the City about and concerning campaign participation, mandates, and directives - - creating a high likelihood of constitutional violations (through deliberate indifference) as alleged in this lawsuit;

(b) It failed to properly train employees, management, and officials working for the City about and concerning non-retaliation - - creating a high likelihood of constitutional violations (through deliberate indifference) as alleged in this lawsuit;

(c) It failed to properly implement policies or to enforce policies concerning political donations from employees, permissible solicitation(s), permissible interaction(s) with management or elected officials, or handling of declinations of contributions - - creating a high likelihood of constitutional violations (through deliberate indifference) as alleged in this lawsuit;

(d) It failed to properly implement policies or to enforce policies concerning retaliation against employees for not making donations to elected officials of Defendant City - - creating a high likelihood of constitutional violations (through deliberate indifference) as alleged in this lawsuit; and

(e) Actions taken by the elected official, Defendant Gordon, were so well known institutionally and enforced through many high-level managers of Defendant City that such actions constituted an unconstitutional policy, practice or custom of Defendant City.

28.   Defendant City's actions and inactions constitute what is commonly referred to as

*Monell* liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978).

29.   Defendants Gordon and City are liable for constitutional violations and harms

asserted in this lawsuit. Such claims are pursued herein by and through 42 U.S.C. § 1983.

**First Cause of Action**
**Violations of 42 U.S.C. § 1983 – First Amendment Retaliation**
**(Retaliation in violation of the Pennsylvania Constitution)**
**- Against both Defendants -**

30.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

31.     Article I, Section 7 of the Pennsylvania Constitution provides protections comparable to those of the United States Constitution.

32.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in his First Cause of Action, as such assertions also constitute mirroring violations of the State Constitution in this Commonwealth.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendants are to be prohibited from continuing to maintain their unconstitutional or illegal policies, practices, or customs of retaliating against employees and are to be ordered to promulgate effective policies and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal / unconstitutional actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hands of Defendants until the date of verdict (in addition to front pay or other equitable relief);

C.      Plaintiff is to be awarded reinstatement with Defendants, unless a court determines such a remedy is impractical or impossible; and alternatively, any other damages in lieu of such relief.

D.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish the individually-named Defendant (Defendant Gordon) in this action for her willful, deliberate, malicious and outrageous conduct, and to deter others from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

F.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

H.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 11, 2023

8

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK WILSON                          : | CIVIL ACTION |

MARK WILSON

        Plaintiff,

    v.

CITY OF PHILADELPHIA
    and
TRACEY GORDON, *individually*

        Defendants.

                                 : CIVIL ACTION

## SWORN DECLARATION OF THOMAS CAMPION

1.      I am an adult individual, and I make these statements to the best of my knowledge, recollection, and based upon my personal observations and experiences. I also make this declaration knowing it may be used in the above-captioned case and under penalties of false swearing and perjury.

2.      I was hired by the City of Philadelphia in August of 2020. I was considered a Supervisor of Archives under the Register of Wills. I was deemed physically based and working from City Hall in Philadelphia. And I worked for the City of Philadelphia until August of 2022.

3.      I was primarily supervised by Tracey Gordon (the elected Register of Wills). Two (2) of several people working in the Archives department under me were Mark Wilson ("Wilson") and Nicholas Barone ("Barone"). They were deemed Clerks (which is a broad job role / description).

4.      Both Wilson and Barone performed their jobs very well. They were well liked and worked very hard. They had no disciplinary concerns. But they were both terminated in or about mid-2022.

5.      I have formed the opinion and am 100% confident in my own opinion that Wilson and Barone were terminated for <u>not making</u> campaign contributions or donations to or for Gordon. Some examples of the bases of my opinion is as follows:

- There was continual and immense pressure from all levels of management that there must be 100% participation in contributing and donating to Gordon's campaign. It was almost as if securing donations from all employees a job duty of those working under Gordon.

- There were multiple fundraisers, and both Wilson and Barone were vocal that they would not donate to her campaign (with respect to financial contributions or purchasing tickets to events).

- Gordon personally expressed concerns to me that Wilson and Barone were not contributing, demanding that she wanted 100% participation.

- Gordon expressed substantial hostility and frustration in my presence that Wilson and Barone were not participating in campaign donations and contributions, even explaining that she gave them full-time employment and benefits and helped them (upon commencing in her elected role). She was very upset they were not reciprocating by donating to her campaign and they vocally opposed such donations and contributions.

6.    It was my personal experience that Gordon was very retaliatory, focused on maintaining power, and lacked any appropriate regard for employee morale.

7.    Based upon Gordon's expressed frustration, demands for 100% participation in her ongoing campaign contributions from her employees, and recent opposition to participation by Barone and Wilson in close temporal proximity to their respective terminations - - I am personally convinced they were terminated for not contributing and donating to Gordon's campaign. Gordon was making sure they served as examples for other employees and departments.

Thomas Campion

_____
Thomas Campion

Date: 5/11/2023
_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
| Mark Wilson | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X )

| | | |
|---|---|---|
| 5/11/2023 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2920 W. Wishart Street, Philadelphia, PA 19132__

Address of Defendant: __1401 Jhn F. Kennedy Blvd, 15th Floor, Philadelphia, PA 19102; 180 City Hall, Philadelphia, PA 19107__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/11/2023__    _____ *Attorney-at-Law / Pro Se Plaintiff*    __ARK2484 / 91538__ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5/11/2023__    _____ *Attorney-at-Law / Pro Se Plaintiff*    __ARK2484 / 91538__ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILSON, MARK

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

CITY OF PHILADELPHIA, ET AL.

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |
|---|---|
| ☐ 1  U.S. Government Plaintiff | **X** 3  Federal Question  *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>**X** 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1983

Brief description of cause:
Violations by Defendants of his constitutional rights (by and through 42USC1983).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/11/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | Reset |